UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cv-00269-DC-AC |
| Plaintiff, | ORDER GRANTING MOTION FOR SUBSTITUTION OF PARTY AND TO CHANGE CASE CAPTION |
| v. | |
| JIMMIE R. COX, et al. | (Doc. No. 11) |
| Defendants. | |

This matter is before the court on Plaintiff United States of America's unopposed motion for substitution of party and to change case caption. (Doc. No. 11.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 16.) For the reasons explained below, the court will grant the motion.

**BACKGROUND**

On January 22, 2025, Plaintiff filed a complaint to enforce judgment and federal tax liens on real property located in Yuba County ("the Property") against Defendants Jimmie R. Cox and Yuba County stemming from an unpaid federal tax assessment incurred by Defendant Cox and his late wife. (Doc. No. 1.) Plaintiff alleges it previously obtained a judgment against Defendant Cox and his late wife, Sandra Cox, for federal tax liabilities in the United States District Court of Nevada. (*Id*. at ¶¶ 1–2.) Plaintiff alleges "[l]iens associated with the tax liabilities and the Nevada judgment for those liabilities attached to the [] Property." (*Id*. at ¶ 3.) Plaintiff further alleges

1

Defendant Cox may claim some right, title, or interest in the Property for himself and or as successor in interest to his late wife. (*Id*. at ¶ 8.) On January 29, 2025, Defendant Cox passed away. (Doc. No. 11-2.) On April 22, 2025, Plaintiff filed a statement notifying the court of the death of Defendant Cox. (Doc. No. 10.) That same day, Plaintiff filed the instant motion. (Doc. No. 11.)

In its motion, Plaintiff states Laura Proctor, Defendant Cox's granddaughter, is serving as personal representative/executor of Defendant Cox's estate pursuant to Defendant Cox's will, a copy of which is attached to the pending motion.[1] (Doc. No. 11-1 at ¶ 6.) In support of its motion, Plaintiff also attached a copy of Defendant Cox's death certificate and a copy of his wife's death certificate. (Doc. No. 11-2–11-4.) On May 14, 2025, Plaintiff filed a waiver of service of notice of death and motion to substitute, signed by Ms. Proctor. (Doc. No. 14.) On May 16, 2025, Defendant Yuba County filed a statement of non-opposition to Plaintiff's motion. (Doc. No. 15.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 25(a)(1) provides: if a party dies and the claim is not extinguished, the court may order substitution of the proper party. Fed. R. Civ. P. 25(a)(1). A motion for substitution may be made by any party or by the decedent's successor or representative. *Id*. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. *Id*.

In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. *Id*.; *Maseda v. Saul*, No. 20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. Jun. 3, 2021). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Est. of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). "Rule

---

[1] In its motion, Plaintiff refers to Ms. Proctor as both the executor and personal representative of Defendant Cox's estate. (Doc. No. 11-1.) Both terms are interchangeable under California law. *See* Cal. Prob. Code § 58(a) (A "personal representative" means an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status."). For clarity, the court will refer to Ms. Proctor as the executor of Defendant's Cox's estate.

25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests." *Gilmore v. Lockard*, No. 12-cv-00925-NONE-SAB, 2020 WL 3288417, at *1 (E.D. Cal. Jun. 18, 2020) (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).

**DISCUSSION**

**A.   Timeliness of Motion**

The court first addresses whether Plaintiff's motion is timely. Here, Plaintiff filed its motion on the same day as it filed the statement noting the death of Defendant Cox. (Doc. Nos. 10, 11); *see Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (finding Rule 25 requires a party to formally suggest the death of the party upon the record and the suggesting party must serve other parties and non-party successors or representatives of the deceased). Thus, Plaintiff's motion is within the 90-day time frame and is timely.

**B.   Survival of the Claims**

The court next turns to whether Plaintiff's claims against Defendant Cox have been extinguished. In its complaint, Plaintiff raises two claims against Defendant Cox: (1) to enforce judgment lien against real property pursuant to 28 U.S.C. § 3201(f), and (2) to foreclose federal tax lien against real property pursuant to 26 U.S.C. § 7403. (Doc. No. 1 at ¶¶ 22–32.) A claim under 28 U.S.C. § 3201(f) can be maintained against the estate of a defendant. *See United States v. Sharringhausen*, No. 03-cv-00551-W-RBB, 2023 WL 8115131, at *1 (S.D. Cal. Oct. 30, 2023) (substituting the estate of the defendant and renewing a judgment lien against the estate in accordance with 28 U.S.C. § 3201). Similarly, a claim under 26 U.S.C. § 7403 can be maintained against the estate of a defendant. The United States must join "[a]ll persons having liens upon or claiming any interest in the property involved in such action." 26 U.S.C. § 7403(b). Here, the liens and judgment against Defendant Cox have passed to his estate and the United States must join the estate to this action. *See United States v. Aaron*, No. 21-cv-00568-DGE, 2022 WL 3227544, at * 1, 4 (W.D. Wash. Aug. 10, 2022) (granting a substitution of party for a claim

3

brought by Plaintiff under § 7403, implicitly finding that claim was not extinguished.)[2] Accordingly, the court finds Plaintiff's claims survived Defendant Cox's passing under Rule 25(a)(1).

**C.      Proper Party**

Lastly, the court must determine whether Ms. Proctor is the proper party. "Rule 25 states a 'proper party' is the decedent's 'successor in interest or legal representative.'" *Eble v. Nissan of Yuba City*, No. 22-cv-01701-KJM-JDP, 2024 WL 4110269, at *1 (E.D. Cal. Aug. 1, 2024) (quoting *Veliz v. Cintas Corp.*, No. 03-cv-01180, 2008 WL 2811171, at *2 (N.D. Cal. Jul. 17, 2008)). In California, a decedent's "successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. A decedent's "'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate." *Cotta v. County of Kings*, 79 F. Supp. 3d 1148, 1158 (E.D. Cal. 2015) (quoting *Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 162 Cal. App. 4th 1331, 1340 (2008)).

Here, Plaintiff represents that Ms. Proctor is the proper party because Defendant Cox's will appointed Ms. Proctor to serve as the executor of Defendant Cox's estate if his wife was unable or unwilling to serve. (Doc. No. 11-1 at 2.) The court notes Ms. Proctor is also a "successor in interest" for Defendant Cox's estate. (Doc. No. 11-3 at 5.) Accordingly, in light of Plaintiff's representations and the fact that Ms. Proctor does not oppose the requested substitution, the court finds Ms. Proctor is the proper party for substitution under Rule 25(a)(1).

**CONCLUSION**

For the reasons explained above:

1.       Plaintiff United States of America's motion for substitution of party and to change the case caption (Doc. No. 11) is GRANTED;

---

[2] Although the court in *Aaron*, 2022 WL 3227544, did not explicitly state Plaintiff's claims arose under 26 U.S.C. § 7403, the court's prior order on June 13, 2022, did state Plaintiff's claims were brought under that statute. *United States v. Aaron*, 21-cv-00568-DGE, 2022 WL 22236530, at *1 (W.D. Wash. Jun. 13, 2022).

1      2.    Laura Proctor, Executor for Estate of Jimmie R. Cox is hereby substituted for

2            Defendant Jimmie R. Cox in this action; and

3      3.    The Clerk of the Court is DIRECTED to update the docket to reflect the

4            substitution of Defendant Laura Proctor in place of Defendant Jimmie R. Cox and

5            to update the caption of this case to reflect this substitution.

IT IS SO ORDERED.

Dated: **July 17, 2025**

_____
Dena Coggins
United States District Judge

5